**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 0811016584 |
| | ) | |
| DAVID CHIANESE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 23, 2014
Decided: April 10, 2014

Ralph K. Durstein, III, Esquire
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
*Attorney for VCAP*

Alfred J. Lindh, Esquire
P.O. Box 313
Wilmington, DE 19899
*Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER**

This matter is back before the Court in the State of Delaware, Department of Justice, Victim Compensation Assistance Program's (VCAP) motion[1] for payment of restitution. The State seeks to recover payments to the alleged victim, pursuant to 11 *Del. C. 9002(5)(a)*. At the hearing, the Court heard argument from both parties, and documents were received into evidence. At the conclusion of the hearing, the Court ordered supplemental briefing. This is the Court's Final Decision and Order.

---

[1] The restitution hearing was first held on December 13, 2013. However, at the hearing, Chianese sought to call as a witness a VCAP investigator, who was not present at the hearing. The Court granted Chianese's motion for the investigator, and the hearing was rescheduled for December 20, 2013.

## FACTS

VCAP made payments of $12,107.23 to the alleged victim in a case where Defendant David Chianese's ("Chianese") entered a plea on September 9, 2009 to the charge of Offensive Touching. He was charged as a result of an incident which took place on November 23, 2008, when Chianese was involved in an altercation with his then-girlfriend, Barron (the Incident"). The facts are setforth in greater detail in the Court's opinion of September 9, 2013 and only recounted here to the extent necessary for clarification. The Court sentenced Chianese pursuant to Probation Before Judgment at Level II for a period of one year, and ordered to pay a fine in the amount of $100.00.[2] The Court also ordered a presentence investigation to determine if restitution should be imposed.

On August 27, 2010, the Court found Chianese in violation of probation. Chianese was sentenced to pay costs and he was discharged from probation as unimproved. No order for restitution was imposed.

Meanwhile, Barron filed a restitution request with VCAP upon referral from the Court's Investigative Services Office. Ultimately, VCAP awarded Barron $12,107.35 as compensation for medical expenses and lost wages she incurred as a result of the Incident. Barron received and cashed the check sent to her by VCAP on August 29, 011.[3]

---

[2] Additionally, the following terms were ordered: Chianese was to be evaluated by the Domestic Violence Council and follow the recommendation of the evaluation; Chianese was to delete all photographs of Barron on any computer system networks and he was not to reinstate such photographs, and; Chianese was to not have any contact with Barron, her family, or her residence.

[3] Barron originally applied for VCAP for restitution on October 19, 2009. The following circumstances contributed to the lapse of time between Barron's application and award of restitution: On June 7, 2010, Barron submitted a revised restitution request to Investigative Services Office. On September 29, 2010, VCAP awarded Barron $12,107.35, and a check was issued to Barron in that amount. Barron did not cash the check, and in October 2010, she filed a "reconsideration" claim with VCAP. On July 27, 2011, VCAP advised the

Thereafter, VCAP moved the Court to order Chianese to pay restitution in the amount of $12,107.35 to reimburse it for amounts paid to Barron.

On August 31, 2011, the Investigative Services Office notified Chianese that it recommended restitution in the amount of $12,107.35, to reimburse VCAP for the amount paid to Barron.

Chianese petitioned the Court for a hearing and the Court held an evidentiary hearing regarding Chianese's opposition to restitution. In an opinion issued on August 9, 2013, the Court held that due process entitled Chianese to notice and a hearing when VCAP petitions a court to order a defendant to reimburse it for funds paid to a victim for injuries and damages as a result of a criminal act.

A restitution hearing was held before the Court on December 20, 2013. At the conclusion of the hearing, the Court reserved decision and ordered supplemental briefing from the parties.

### a. Parties Positions

It is the VCAP position that the Court has authority to order Chianese to reimburse VCAP for any amounts paid as restitution to the alleged victim. The State argues that Chianese entered a plea of guilty to the criminal offense of Offensive Touching for which Barron was the victim, and sustained injuries. The compensation was awarded to Barron in accordance with the governing statute, and Chianese failed to present any evidence to rebut VCAP's findings.

---

Investigative Services Office that Barron accepted the $12,107.35 award. A new check was issued the following month, on August 29, 2011.

The State points to 11 *Del. C. 9009(1)* for the position that an award may only be made for the amount of pecuniary loss actually and reasonably sustained by reason of the personal injury. The State goes on to argue that a claim may be considered only after the alleged victim files a written statement of claim accurately describing the crime and circumstances which brought about the injury. Once a claim is received, VCAP is required by statute to initiate an investigation of the claim. Based upon this investigation, a decision of whether to award compensation is made and the amount, if any, is rendered. Therefore, since at the conclusion of its investigation VCAP determined Barron was a victim of domestic violence, supported by a police report of November 23, 2008, it is entitled to recover the amounts paid. Further, the State argues the document upon which it relied in reaching its decision included detailed medical treatment records, prescriptions, and medical records. There was also a treating physician's disability report, psychiatric, neurosurgery evaluation, and effect reports, regarding the 2008 incident. Thus, the State concludes its procedure to award restitution was diligent and exhaustive.

It is the position of Chianese that his guilty plea was not an admission to causing personal injury to Barron, thus 11 *Del. C. 9014* does not apply. Furthermore, Chianese argues, even if the statute did apply, VCAP would be required to prove Chianese actually caused an injury sufficient to account for the lost wages and medical expenses awarded by VCAP. Finally, Chianese contends that a judgment based on results of VCAP's administrative proceeding would violate his Due Process rights.

4

## DISCUSSION

The sole issue before the Court is whether Chianese can be ordered to pay restitution to compensate VCAP for monies it awarded to Barron. The authority of the Court to require a defendant to pay restitution is set forth in 11 *Del. C. § 4106* and 11 *Del. C. § 9014*.

Recently, in *State v. Schafferman*,[4] the Superior Court addressed the issue of a post-sentencing request for a specified amount of restitution made by VCAP under 11 *Del. C. 4106*. In *Schafferman*, the defendant was charged and convicted of offensive touching after an altercation with two victims, which resulted in injury to one victim.[5] The injured victim received $193.53 from VCAP, and VCAP subsequently sought to recover that amount from the defendant.[6] The court denied VCAP's claim for a restitution order, reasoning:

> Because the restitution beneficiary was the Victim's Compensation Fund ("VCAP"), which compensated the victim, but which was not a victim; and because no part of the original sentence included any compensating fine; no vehicle for collection through sentencing exists.[7]

The court found that VCAP is not a "victim" entitled to restitution and, in the absence of an order at sentencing, other than the general order to "pay restitution," the State could not recover "restitution" for VCAP.[8]

The facts in *Schafferman* are very similar to those in the proceeding, thus it is controlling. When Chianese entered his guilty plea, an order for presentence investigation

---

[4] 2013 WL 4716350 (Del. Super. Aug. 30, 2013)
[5] *Id.* at *1.
[6] *Id.*
[7] *Id.*
[8] *Id.* at *2.

5

was made to determine if restitution should be imposed was entered. Chianese did not agree to pay restitution to a specific party. When Chianese was discharged from probation as unimproved, he was sentenced solely to pay costs. The sentence order did not require he pay restitution. Now, after sentencing, the State seeks to recover restitution for VCAP. As in *Schafferman*, the State cannot recover restitution from Chianese under these circumstances.

The State also points the Court to 11 *Del. C. §* Chapter 90 "Compensation for Innocent Victims of Crime." In essence, the State argues that since it complied with the provisions of this chapter in deciding to award restitution, it is entitled to recover the amount paid the victim. The authority of the State to recovery is set forth in *Section 9014 "Recovery from the criminal" which provides in relevant part*:

> (a) Whenever any person is convicted of an offense and a payment of compensation is, or has been, made under this chapter for a personal injury or death resulting from the act constituting such offense, the State may institute an action against such person for the recovery of the whole or any specified part of the compensation in any Superior Court within the State, or in any other court, either state or federal, if such court has custody or control of funds of the criminal or which may be awarded to the criminal . . ."

The testimony at the hearing established that the State followed the statutory requirements when reaching its decision to make the award to the victim. However, the State's reliance upon this provision is misplaced. While the defendant's argument is that the crime for which he entered a plea does not come within the covered offenses in the statute. *Section 9009* states that a person which sustains personal injury by any crime as defined in this chapter, may file a claim with VCAP for indemnification of all pecuniary

6

loss which is a direct result of such crime. The definition of what constitutes a crime for indemnification consideration is found in *Section 9002(5)* and while Offensive Touching is not set forth therein, *subsection "g"* which is a catchall provision, extends the definition to any act of domestic violence or abuse. Thus, clearly, the act in this case comes within the definitional section.

The issue, however, is the application of *Section 9014*. This section gives the State the right to bring an action in the Superior Court against anyone for recovery, but that right does not extend to the other courts. The language which applies to other courts provides that the State may institute an action ". . . in any other court, either state or federal, if such court has custody or control of funds of the criminal or which may be awarded to the criminal." Therefore, since this court does not have any funds of Chianese or any which may be awarded, the State may not recover the amounts it seeks for payment of the victim under this section in this Court.

Accordingly, the application by VCAP to order Chianese to reimburse it for awards paid to Barron is Denied.

SO ORDERED this 10th day of April, 2014

_____
Alex J. Smalls
Chief Judge

Chianese-OP  April 2014

7